UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BERKSHIRE BANK, | : | |
| c/o JOHN J. KELLY, | : | |
| EXECUTOR OF LINDA EARHART'S | : | |
| ESTATE,[1] | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civ. No. 03CV1869 (WWE) |
| | : | |
| | : | |
| PALLFLEX, INC., | : | |
| | : | |
| Defendant. | : | |

**RULING ON MOTION FOR SUMMARY JUDGMENT**

In her complaint, plaintiff Linda Earhart alleges that she developed malignant mesothelioma as a result of defendant Pallflex, Inc.'s conduct. Specifically, she asserts that her claim for damages falls within the "substantial certainty" exception to the exclusive remedy provision of the Workers' Compensation Act, Connecticut General Statutes sections 31-275, et seq., because she was required to perform work in areas where asbestos-coated product or asbestos raw material was present. Defendant has filed a motion for summary judgment. For the following reasons, the motion for summary judgment will be granted.

Factual Background

Plaintiff was employed by defendant beginning in September 1968 until August 1975. During her employment, plaintiff worked in administrative positions, including

---

[1] The Court hereinafter refers to the plaintiff as Linda Earhart, who is now deceased.

Production Aide, Processing Manager and Purchasing Agent.  Plaintiff was not directly involved in defendant's manufacturing process, but she was exposed to areas of the facility where asbestos, including raw material asbestos, was used.

The Pallflex facility manufactured industrial filter products that used asbestos and other fibers.  During the manufacturing process, a bag of asbestos fibers was hoisted by forklift, opened with a knife by an employee and then emptied into a mix tank below.  The fibers were sprayed with water to prevent dust particles from releasing as the fibers descended into the mix tank.[2]  Thereafter, the water and asbestos fiber mix was pumped into another tank for further dilution.  The water was removed from the mix.  The mix was then transferred onto a moving conveyor belt of mesh material.  The remaining fibers were dried and rolled up into a roll that was then stored on an inventory rack.  Some of the rolls were shipped "as is," while others were sliced to make either 10 or 6 inch rolls.

As of 1972, Pallflex posted a document entitled "Safety Rules and Regulations," requiring that individuals "handling asbestos fibers and other fibers" wear respirators and masks.  Dr. Joseph Adiletta, former president of Pallflex, could not find any written safety rules dating prior to November 8, 1972, and was not certain whether any written National Institute for Occupational Safety and Health ("OSHA") regulations had been posted for employees.[3]  In his deposition, Dr. Adiletta averred that the EPA and OSHA

---

[2] An air quality test taken in this work area showed results below the allowable limits set by OSHA.  However, this test appears to have been taken almost a year after plaintiff left defendant's employ.

[3] OSHA began regulating occupational exposure to asbestos in 1971.

approved of the condition of the plant on several occasions.

Dr. Adiletta testified that he "probably" gained knowledge that asbestos posed a health hazard in the 1980s, although in the 1970s he knew of discussions in the press regarding the connection between cancer and asbestos at high concentrations of exposure. In his deposition, he stated that he did not believe that the Pallflex facility posed such a hazard. He also indicated that the 1972 document, "Safety Rules and Regulations," was most likely instituted in reaction to the press reports regarding asbestos-related safety concerns.

Plaintiff was diagnosed with malignant mesothelioma in October 2002. She had surgery to remove the lining of her right lung and right diaphragm, and then underwent a three-month period of chemotherapy. Plaintiff died on November 10, 2003.

Plaintiff has previously received a settlement payment in her workers' compensation case against Pallflex.

## Discussion

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London


American International Corp., 664 F.2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Anderson, 477 U.S. at 249.

Plaintiff claims that she was exposed to asbestos during her seven year tenure with defendant due to its failure to provide for protective measures for employees who did not handle the asbestos fibers but were within the manufacturing area.

The exclusive remedy for an employee injured in the course of employment is provided by the Workers' Compensation Act, except where a plaintiff can establish an intentional tort where the employer either (1) actually intended to injure the employee, or (2) intentionally created a dangerous condition that made the employee's injuries substantially certain to occur. Sullivan v. Lake Compounce Theme Park, Inc., 277 Conn. 113, 118 (2006). To fall within the "substantial certainty" exception to the exclusive remedy provision of the Connecticut Workers' Compensation Act, plaintiff must prove that defendant intentionally created a dangerous condition that made the plaintiff's injuries substantially certain to occur. Suarez v. Dickmont Plastics Corp., 242 Conn. 255, 257-8 (1997). While less demanding then the actual intent standard, "substantial certainty" requires an appropriate showing of intent to injure on the part of

the defendant. Sullivan, 277 Conn. at 118.   A failure to take affirmative remedial action, even if wrongful, does not demonstrate an affirmative intent to create a situation that creates a substantial certainty of injury.  Melanson v. West Hartford, 61 Conn.App. 683, 689 n. 6 (2001) ("A wrongful failure to act to prevent injury is not the equivalent of an intention to cause injury.").  The issue is not the degree of gravity of the employer's conduct but rather whether the conduct was intentional rather accidental.  Ramos v. Branford, 63 Conn. App. 671, 680 (2001).  The action producing the injury as well as the resulting injury must be intentional.  Melanson, 61 Conn. App. at 688.

In Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 109-10 (1994), the Connecticut Supreme Court held that plaintiff had raised an inference of fact that defendant had "deliberately instructed an employee to injure himself. "  In opposition to summary judgment, plaintiff had submitted an affidavit averring that defendant's foreperson, although aware of the danger involved, had told him to use certain equipment in a manner that would cause injury so that the defendant would save money and that he would be fired if he did not comply.  Defendant denied requiring plaintiff to use the equipment in the manner described by plaintiff.  Thus, plaintiff offered evidence that raised a question of credibility concerning defendant's affirmative acts.

In this instance, plaintiff asserts that defendant "intentionally required, caused, allowed and permitted its employees including the plaintiff to work in a facility that used asbestos."  Absent evidence of affirmative conduct, plaintiff is left to shroud what appears a negligent failure to act or prevent with the language of intent.  Plaintiff advances her claim with evidence relating to defendant's failure to place warnings of

5

the risks of exposure, disregard of OSHA regulations, and failure to take reasonable precautions, including providing access to masks and respirators.

The evidence does indicate that Dr. Adiletta had some knowledge of the connection between asbestos exposure and cancer, but it does not evince intentional conduct to subject his administrative employees, such as plaintiff, to an environment that was substantially certain to cause them asbestos-related lung cancer. Accordingly, plaintiff's claim does not fall within the substantial certainty exception, and summary judgment will be granted in defendant's favor.

### CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment [doc. 38] is GRANTED. The clerk is instructed to close this case.

Dated this 18th day of December, 2006 in Bridgeport, Connecticut.

_____/s/_____
Warren W. Eginton
Senior United States District Judge